**Joe M. HAYNES, Plaintiff–Appellee,**

v.

**Joseph M. DALTON, Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 13, 1992.

Permission to Appeal Denied by Supreme Court Feb. 22, 1993.

Tyree B. Harris, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, for plaintiff-appellee.

Mark J. Fishburn, Catherine S. Hughes, Nashville, for defendant-appellant.

OPINION

FRANKS, Judge.

In this accounting between two lawyers for the allocation of legal fees between the parties after their association ended, Dalton appeals from the allocation of fees to Haynes. We affirm.

Dalton began working in Haynes' law office on February 1, 1984. They agreed that Haynes would provide office space and overhead to Dalton in exchange for forty percent of Dalton's fees. On August 21, 1988, Dalton left Haynes' office and took his pending cases. Haynes then brought this action for an accounting for fees.

The dispute focuses on cases initiated while Dalton was in Haynes' office, but completed after Dalton withdrew. Haynes contended that he was entitled to forty percent of the entire fee without regard to when the work was done. Dalton contended that Haynes was entitled to no fees after his departure from Haynes' office.

The Chancellor utilized a Master for resolving certain issues, who reported that Dalton owed Haynes $51,343.00 under the theory of quantum meruit. At the hearing before the Master, Dalton offered a quantum meruit formula which was in part adopted by the Master. Instead of giving Haynes forty percent of the entire fee or none of the fee, the formula utilizes a fraction to calculate the actual time Haynes' overhead contributed to the resolution of any one case. The denominator of the fraction is the total number of months the file existed; the numerator is the number of months the file was in Haynes' office. The Master multiplied this fraction by forty percent of the total fee to arrive at Haynes' fee per case.

The Master declined to offset Dalton's own overhead, because it constituted a risk not contemplated by the agreement. She also found no violation of the disciplinary rule on fee splitting, because Dalton was an associate in Haynes' office during the contract period.

The Chancellor essentially adopted the Master's report upon making a mathematical correction.

■ The facts are supported by material evidence, *Coates v. Thompson,* 713 S.W.2d 83 (Tenn.App.1986). However, the gravamen of Dalton's appeal is that the mode of calculation of fees is legally flawed.

DR 2–107 does not bar Haynes from recovering legal fees because the rule is not applicable when attorneys are associates. The rule states:

"DR 2–107. **Division of Fees Among Lawyers.**—(A) *A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm of law office,* unless:

(1) The client consents to employment of the other lawyer after a full disclosure that a division of fees will be made.

(2) The division is made in proportion to the services performed and responsibility assumed by each.

(3) The total fee of the lawyers does not clearly exceed reasonable compensation for all legal services they rendered the client.

(B) This Disciplinary Rule does not prohibit payment to a former partner or associate pursuant to a separation or retirement agreement." (Emphasis added).

In Dalton's answer, he admitted he was an associate of Haynes the entire time he worked in Haynes' office. The formula to calculate recovery accounts only for the time Dalton worked in Haynes' office on each file. The fee-splitting issue is without merit.

While Dalton was associated with Haynes he used Haynes' office and support staff to conduct his business. Dalton also received insurance, CLE reimbursement and some payments of professional fees. Haynes' recovery, restricted to times the files were in Haynes' office, is supported by consideration for sharing in the fees.

■ Dalton further argues that since the parties did not spell out how they would terminate the agreement, Haynes can collect nothing, but theories of implied contract are designed precisely for situations where there is no express agreement.

"Actions brought upon theories of unjust enrichment, quasi contract, contracts implied in law, and quantum meruit are essentially the same. Courts frequently employ these terms interchangeably to describe implied obligations where, on the basis of justice and equity, the law will impose a contractual relationship on

the parties. *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 53–4, 407 S.W.2d 150, 154 (1966). 'Each case must be decided according to the essential elements of quasi-contract, to-wit: A benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. The most significant requirement for a recovery on a quasi-contract is that the enrichment to the defendant be unjust.' *Id.* at 57, 407 S.W.2d at 155."

*Estate of Atkinson v. Allied Fence*, 746 S.W.2d 709, 711 (Tenn.App.1987).

To allow Dalton to benefit from Haynes' overhead and receive all fees without reimbursement to Haynes a percentage of such fees would unjustly enrich Dalton and violate the parties' oral agreement.

Finally, Dalton is not entitled to offset his overhead. Although it is denied on appeal, Dalton benefitted from the result.

Haynes was compensated only for the time the files were actually in Haynes' office. The calculation takes into account Haynes' overhead as it was applied to the files Dalton completed before he withdrew as an associate. To offset the overhead incurred by Dalton after leaving the association conflicts with Dalton's contention that August 21, 1988 was the proper cut-off date. No authority is cited for offsetting the subsequent overhead. Moreover, the formula in effect properly allocates this overhead to the balance of the fees decreed to Dalton.

For the foregoing reasons we affirm the judgment of the Chancery Court and remand at appellant's cost.

TODD, P.J., and CANTRELL, J., concur.