95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brenda J. BOWERS, Plaintiff-Appellant,
Tyrone C. LACY, Plaintiff,
v.
SATURN GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 95-6471.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 Before: NELSON, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Brenda J. Bowers, proceeding pro se, appeals a district court order granting the defendant's motion for summary judgment in this copyright infringement suit filed under 17 U.S.C. §§ 101-702. Bowers also presented state law claims based on implied contract and unjust enrichment.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive relief and monetary damages, Bowers and another plaintiff, Tyrone Lacy, sued the Saturn Division of General Motors Corporation (Saturn), claiming that the defendant infringed upon their copyright interests in a song they had written in 1986 entitled "I'm Coming Home," and that Saturn adopted the plaintiffs' suggestion for using a "homecoming" theme when they sponsored a "Saturn Homecoming" event in 1994. A magistrate judge considered the plaintiffs' claims and recommended granting the defendant's motion for summary judgment. After considering the plaintiffs' objections to this report, the district court adopted the report in its entirety and dismissed the complaint. Bowers, the only appellant remaining in this case, reasserts the same claims presented in the district court.
 
 
 4
 On appeal, this court reviews a grant of summary judgment de novo. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 The evidence presented in support of the defendant's motion for summary judgment is sufficient to show that there is no genuine issue of material fact and that Saturn is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The crux of the plaintiff's argument surrounds the company's use of the "homecoming" theme. The district court properly found that this claim, based principally on the company's use of a theme and an idea, rather than an expression of an idea, could not withstand the defendant's motion for summary judgment, because any similarity between the works concerned only non-copyrightable elements. Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir.), cert. denied, 115 S.Ct. 675 (1994); Warner Bros. Inc. v. American Broadcasting Cos., 720 F.2d 231, 240 (2d Cir.1983).
 
 
 6
 In determining whether two works are so substantially similar as to reveal an infringement of one by the other, the court must decide whether the similarities shared by the works are something more than mere generalized ideas or themes. Warner Bros. Inc. v. American Broadcasting Cos., 654 F.2d 204, 208 (2d Cir.1981), affirmed after remand, 720 F.2d 231 (1983). The copyright laws do not permit anyone to claim ownership of ideas or common situations. Reed-Union Corp. v. Turtle Wax, Inc., 77 F.3d 909, 913 (7th Cir.1996). There is no substantial similarity between Bowers's song and the company's television commercials and, as a matter of law, the "homecoming" theme is too generic to be a copyrightable expression of an idea. Therefore, the court properly granted summary judgment in favor of the defendant.
 
 
 7
 Lastly, the district court properly dismissed the claimant's state law claims based on the theories of implied contract, see Scandlyn v. McDill Columbus Corp., 895 S.W.2d 342, 345-46 (Tenn.App.1994); Cummins v. Brodie, 667 S.W.2d 759, 764 (Tenn.App.1983), and unjust enrichment. Paschall's, Inc. v. Dozier, 407 S.W.2d 150, 154 (Tenn.1966).
 
 
 8
 Accordingly, the district court's order granting the defendant's motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.