BLUE CROSS-BLUE SHIELD OF )
TENNESSEE, )
                                    )        APPEAL NO.
        PLAINTIFF/APPELLANT,         )        01-A-01-9611-CV-00526
                                    )
v.                                   )        CIRCUIT COURT NO.
                                    )        CC-31-95
CITY OF LAWRENCEBURG,                )
                                    )
        DEFENDANT/APPELLEE.          )

FILED

April 23, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE LAWRENCE COUNTY CIRCUIT COURT

AT LAWRENCEBURG, TENNESSEE

THE HONORABLE WILLIAM B. CAIN, JUDGE

ROBERT G. NORRED, JR
JANE M. STAHL
Spears, Moore, Rebman & Williams
801 Pine Street, P.O. Box 1749
Chattanooga, Tennessee 37401-1749
        ATTORNEYS FOR PLAINTIFF/APPELLANT

ALAN C. BETZ
White & Betz, Attorneys
22 Public Square, P.O. Box 488
Lawrenceburg, Tennessee 38464
        ATTORNEY FOR DEFENDANT/APPELLEE

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

This is an appeal by plaintiff/appellant, Blue Cross-Blue Shield of Tennessee ("Blue Cross"), from the trial court's decision which dismissed Blue Cross's complaint requesting reimbursement from the City of Lawrenceburg ("the City") for certain claims paid by Blue Cross. The facts out of which this matter arose are as follows.

Blue Cross provided medical insurance to the City and its employees from November 1984 until 31 January 1993. During this period, Blue Cross denied certain claims made by the City and its employees. Charles Brown, the City's Secretary /Treasurer, and Ivan Johnston, the City's Mayor, wrote letters to Blue Cross asking Blue Cross to pay the out of contract claims for the benefit of the City's employees. All the letters also contained the following paragraph: "We understand that if our group policy with Blue Cross & Blue Shield of Tennessee terminates and we are in a deficit position we will be liable to reimburse Blue Cross & Blue Shield of Tennessee for any amount paid out of contract." Thereafter, Blue Cross paid the claims.

The City canceled the insurance contract on 31 January 1993. Blue Cross was in a deficit position and demanded the City reimburse it for the out of contract payments. The City refused and claimed it had not authorized Brown or Johnston to make the agreements with Blue Cross.

Blue Cross filed a complaint on 23 February 1995. Blue Cross claimed the agreements found in the letters entitled it to reimbursement from the City. The City responded and claimed that neither Brown nor Johnston had authority to enter into a binding agreement on behalf of the City. Thereafter, Blue Cross amended its complaint to include equitable estoppel and quantum meruit as grounds for recovery. The trial court entered its final judgment dismissing the complaint on 5 August 1996. The judgment included the following conclusion:

> Lawrenceburg is governed by a City Charter which provides that there will be five commissioners who make up the Board of Commissioners, and that there must be an affirmative vote to adopt any motion, resolution, or ordinance or pass any measure unless otherwise provided for in the act. The Charter further provides that the Board of

> Commissioners have and possess all administrative, judicial and legislative powers and duties and have complete control over the affairs of the City. For a contract to be enforceable and binding on Lawrenceburg, it must [sic] voted upon and adopted in a public meeting. The minutes of the meetings of the Board of Commissioners from 1984 through 1993 were introduced as Exhibit 6, and there is no mention of the alleged agreement seeking reimbursement for out of contract payments. It was never voted upon, approved or disapproved, or even discussed by the Board. This alleged contract between Charles Brown and Mayor Ivan Johnston and Blue Cross-Blue Shield therefore become ultra vires, void and unenforceable.

Blue Cross filed a timely notice of appeal and presented the following issue for our review: "Whether the trial court erred when it dismissed [Blue Cross's] complaint based upon finding that [Blue Cross] was not entitled to reimbursement for out of contract payments because the Secretary/Treasurer and Mayor of [the City] were without authority to bind [the City] to such a contract." Blue Cross contends it is entitled to reimbursement based on the theory of quantum meruit.

Initially, we note that we agree with the trial court's holding that the contracts were ultra vires. "Under Tennessee law, a municipal action may be declared ultra vires for either of two reasons: (1) because the action was wholly outside the scope of the city's authority under its charter or a statute, or (2) because the action was not undertaken consistent with the mandatory provisions of its charter or a statute." *City of Lebanon v. Baird*, 756 S.W.2d 236, 241 (Tenn. 1988). The second reason clearly applies to the facts of this case. The charter required the Board of Commissioners approve the contracts. The Board never approved the contracts. Thus, the contracts were ultra vires.

A finding that a contract is ultra vires does not preclude a plaintiff from recovering funds from a municipal corporation. A plaintiff may still recover under equitable principles if certain conditions are met. *See City of Lebanon*, 756 S.W.2d at 242. A municipal corporation may still be liable if the contract is ultra vires because "the city failed to exercise a power it has in the manner prescribed by controlling law." *Id.* at 243. The second condition is that the contract not be executory. *Id.* The facts of this case satisfy both requirements. First, the contract was ultra vires because, although the City had the authority to enter into the contracts, it did not comply with the requirements of the charter. Second, the contracts were not

executory, i.e., Blue Cross paid the out of contract claims. Thus, Blue Cross may be able to recoup the amount of the claims from the City if Blue Cross is able to establish it is entitled to equitable relief.

There are several terms used to describe the equitable relief sought by Blue Cross in this case. The Tennessee Supreme Court stated:

> Actions brought upon theories of unjust enrichment, quasi contract, contracts implied in law, and quantum meruit are essentially the same. Courts frequently employ the various terminology interchangeably to describe that class of implied obligations where, on the basis of justice and equity, the law will impose a contractual relationship between parties, regardless of their assent thereto.
> . . . .
> . . . They are founded on the principle that a party receiving a benefit desired by him, under circumstances rendering it inequitable to retain it without making compensation, must do so.
> . . . .
> . . . Each case must be decided according to the essential elements of quasi contract, to-wit: A benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.
> The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust.

*Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 53-7, 407 S.W.2d 150, 154-55 (Tenn. 1966); *see also Estate of Atkinson v. Allied Fence and Improvement Co.*, 746 S.W.2d 709, 711 (Tenn. App. 1987) (applying the elements listed in *Paschall's* to quantum meruit). Thus, the City must have received a benefit as a result of Blue Cross paying the City's employee's claims for Blue Cross to recover under quantum meruit.

Unfortunately, we are unable to conclude the City received any tangible benefit. The City's employees received the benefit. If there were any benefit to the City, it was intangible. That is, it is possible to conclude the City benefited because its employees were healthier and happier. Nevertheless, there is no evidence in the record that the employees were healthier and happier or of the value of the intangible benefit. Evidence of the value of the benefit is necessary to the claim because the amount of damages recoverable under the theory of quantum meruit equals the value of the benefit conferred. *See Paschall's*, 407 S.W.2d at 155. Thus, Blue Cross is

either not entitled to reimbursement because the City did not receive a benefit or because Blue Cross failed to provide evidence of the value of the intangible benefit received. Either conclusion requires this court affirm the decision of the trial judge.

Therefore, it follows that the judgment of the trial court is affirmed and the case is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to plaintiff/appellant, Blue Cross-Blue Shield of Tennessee.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
WILLIAM C. KOCH, JR., J.