# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION

FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

C. SAM ROBERTS,                    ) C/A NO. 03A01-9706-CH-00199
                                   )
    Plaintiff-Appellee,        ) UNION CHANCERY
                                   )
v.                                 ) HON. BILLY JOE WHITE
                                   ) CHANCELLOR
JAMES E. HOUSTON,                  )
                                   ) REVERSED AND
    Defendant-Appellant.       ) DISMISSED


MARY E. LOWE and HENRY T. OGLE, Knoxville, for Plaintiff-Appellee.

JOHN P. VALLIANT, JR., Knoxville, for Defendant-Appellant.


## O P I N I O N


Franks, J.


Plaintiff brought this action against defendant and his wife, Diane, alleging that defendant "entered into agreement with plaintiff for plaintiff to grade and excavate . . . in order to make said land usable". Plaintiff further averred that he expended over $29,000.00 for heavy equipment and operators on excavation, and "purchased and installed piping at the cost of $3,604.00, for a total due in the amount of $33,530.09".

Defendant denied in his answer that he had contracted with plaintiff for any work on his property.

The record shows that defendant's wife, Diane, was the daughter of plaintiff and this action was brought after defendant and Diane had separated. In defendant and Diane's divorce action, defendant was awarded the property in question, and plaintiff, before trial, nonsuited Diane as a party defendant.

At trial, plaintiff testified that he had an agreement with defendant on the property "to fill it in and in which we would do the grading work for them to cover it". He testified that the agreement was made between him and defendant at defendant's house, and that defendant's wife was present when the agreement was made. He further testified when he was doing work on the property the defendant observed the work and did not make any complaints about the work. He was then asked:

> Q.    All right, now how much money did you spend. Did it accumulate in charges the time you were working on this job?

> A.    It was over $30,000.00.

The defendant flatly denied that he and plaintiff ever entered into any agreement regarding paying for the work done by plaintiff. Defendant testified that when he and his wife bought the property it was his understanding that "Sam improved - to work for a day. And that is what I was thinking it was. He never did say he was going to charge us anything" and it was only after the divorce was filed that plaintiff claimed money was owed. He was also asked the question:

> Q.    Are you aware of any agreement or the substance of any agreement between Mr. Roberts and his daughter, Diane?

> A.    He was going to improve that property for Diane. He was doing work for Diane on our property. That is all I know when I talked to him.

At the conclusion of the trial, the Trial Court ruled that defendant had agreed with plaintiff for the plaintiff "to do this work". The Court then said that he was familiar with the property which he deemed "practically worthless, prior to the work being done, and the property most certainly now is valuable." He concluded by ruling:

> so, based upon quantum merit theory, the plaintiff would be entitled to recover his $33,508.09.

Our review of the Trial Court's judgment is *de novo* with a presumption that the Trial Court's findings of fact are correct. T.R.A.P. Rule 13(d). The non-

2

suited co-defendant daughter did not testify at trial, and the evidence is sharply disputed on the position of whether a contract was entered between the plaintiff and the defendant to do the grading and fill work. The evidence does not preponderate against the Trial Court's finding that defendant entered a contract with the plaintiff. However, the plaintiff did not have a license to engage in "contracting". *See* T.C.A. §62-6-101 *et seq.* Due to this fact, defendant insists that plaintiff is not entitled to recover for his work, and relies upon T.C.A. §62-6-103 which provides in pertinent part:

> **Recovery of Expenses by Unlicensed Contractor -** (a)(1) . . . It is unlawful for any person, firm or corporation to engage in, or offer to engage in, contracting as hereinabove described, unless such person, firm or corporation has been duly licensed under the provisions of this chapter. . .
> (b) Any unlicensed contractor covered by the provisions of this chapter shall be permitted in a court of equity to recover actual documented expenses only upon a showing of clear and convincing proof.

Plaintiff also called as a witness James Brewer who was a dozer operator, and he testified that he moved dirt on the lot and "guessed" that he worked seven or eight months. On cross-examination, he testified that he was paid by cash and that Roberts never furnished him with a tax form 1099. Plaintiff also called Jake Haynes who operated Haynes Machinery Sales, Inc. Haynes testified that he had rented plaintiff a tractor, but he did not keep up with where plaintiff used his machinery. He did observe the piece of equipment on the lot in question on one occasion, because he had been called to repair and oil leak. He offered some invoices of hours the equipment was rented to plaintiff, and testified that payments were made in cash and by third-party checks. He recalled that on one occasion plaintiff had given him a check for $4,000.00 and he gave the plaintiff $3,000.00 cash, and applied $1,000.00 to the account.

With due deference to the Chancellor, this case was neither pled nor tried on the theory of quantum merit. *See Paschall's, Inc. v. Dozier,* 407 S.W.2d 150

3

(Tenn. 1965).

Plaintiff's pleadings and evidence are that the defendant entered into an oral contract with the plaintiff to do the grading and fill work on defendant's property and that defendant agreed to pay plaintiff for this work. Plaintiff's evidence, in effect, establishes a contract which was illegal under the provisions of the "Contractor's Licensing Act of 1994". Moreover, as a general rule, where a cause of action is based upon an illegal contract, recovery cannot be had on a quantum merit. *See Hotel v. Ewing*, 124 Tenn. 536 (Tenn. 1911).

Plaintiff's remedy on the evidence before us is provided in the above-quoted section of T.C.A. §62-6-103 and is limited to "actual documented expenses only upon a showing of clear and convincing proof." Plaintiff's action must fail because first the evidence does not establish actual documented expenses, and we find that the proof that was offered on the same is not clear and convincing.

Accordingly, we reverse the Trial Court's judgment and dismiss this action at appellee's cost.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.

4