| | | |
|---|---|---|
| ABC SUPPLY COMPANY, INC., | ) | Williamson Chancery |
| | ) | No. 23986 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| UNITED STATES FIDELITY AND | ) | Appeal No. |
| GUARANTY COMPANY; CHARLES | ) | 01A01-9702-CH-00081 |
| & VINZANT CONSTRUCTION CO., | ) | |
| INC.; CAP-TENN ASSOCIATES; ACI | ) | |
| BUILDERS, INC. a/k/a ACI ROOFING, | ) | |
| INC.; ADAM KEITH CHUNN; AND | ) | |
| ALBERT NELSON CHUNN, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

**FILED**

December 12, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE
APPEAL FROM THE CHANCERY COURT OF WILLIAMSON COUNTY

AT FRANKLIN, TENNESSEE
HONORABLE HENRY DENMARK BELL, JUDGE


Everett L. Hixson, Jr.
Phillip E. Fleenor
Robert T. Witthauer
SHUMACKER & THOMPSON
Suite 500, First TN Building
701 Market Street
Chattanooga, TN 37402-4800
ATTORNEYS FOR PLAINTIFF/APPELLANT

R. E. Lee Davies
HARTZOG, SILVA & DAVIES
Fifth Avenue, No. & Fair Street
P.O. Box 664
Franklin, TN 37065-0664


John C. Beiter
NEAL & HARWELL
CONNERS &
2000 First Union Tower
150 Fourth Avenue, North
Nashville, TN 37219-2498
ATTORNEYS FOR DEFENDANTS/
APPELLEES

Luther Wright, Jr.
        BOULT, CUMMINGS,

BERRY
414 Union Street, Suite 1600
P.O. Box 198062
Nashville, TN 37219-8062


**AFFIRMED AND REMANDED**


HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| ABC SUPPLY COMPANY, INC., | ) | **Williamson Chancery** |
| | ) | **No. 23986** |
| **Plaintiff/Appellant,** | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| UNITED STATES FIDELITY AND | ) | **Appeal No.** |
| GUARANTY COMPANY; CHARLES | ) | **01A01-9702-CH-00081** |
| & VINZANT CONSTRUCTION CO., | ) | |
| INC.; CAP-TENN ASSOCIATES; ACI | ) | |
| BUILDERS, INC. a/k/a ACI ROOFING, | ) | |
| INC.; ADAM KEITH CHUNN; AND | ) | |
| ALBERT NELSON CHUNN, | ) | |
| | ) | |
| **Defendants/Appellees.** | ) | |

## O P I N I O N

The captioned plaintiff, ABC Supply Co., Inc., (hereafter ABC) has appealed from the summary dismissal of some of the captioned defendants.

Cap-Tenn Associates, (hereafter Cap-Tenn), as owner, engaged Charles & Vinzant Construction Co., Inc., (hereafter C&V), to construct a large commercial building. United States Fidelity and Guaranty Company executed a bond guaranteeing faithful performance by C&V, the general contractor. The foregoing defendants were dismissed by the summary judgment.

C&V engaged ACI Builders a/k/a ACI Roofing, Inc., (hereafter ACI), as subcontractor, to construct or apply the roof of the building. Adam Keith Chunn and Albert Nelson Chunn, as guarantors for ACI, joined in an application for credit to be extended to ACI for the purchase of roofing materials from ABC.

Cap-Tenn, the owner, C&V, the general contractor and USF&G, the surety of the general contractor, were dismissed by summary judgment. The Trial Court directed entry of the partial summary judgment as final as provided by TRCP Rule 54.02.

Judgment was rendered in favor of ABC, the materialman against ACI, the roofing sub-contractor, and its two guarantors for $40,418.37 plus $2,230.00 attorney fees. This portion of the judgment is not before this Court on appeal.

ABC, the plaintiff-appellant materialman, has filed a brief in this Court presenting the following issues:

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the court below erred in granting Summary Judgment to Defendants United States Fidelity Guaranty Company ("USF&G"), Charles Vinzant Construction Company, Inc. ("C&V"), and Cap-Tenn Associates ("Cap-Tenn") where:

(a)     genuine issues of material fact exist under the doctrine of quantum meruit as to whether ABC was paid for materials supplied by it to the job under ABC's theory of recovery.

(b)     genuine issues of material fact exist under ABC's bond claim as to (i) whether the ninety day notice provision contained in the bond is applicable and, if so, (ii) whether USF&G, C&V and Cap-Tenn had actual notice of the claim sufficient to satisfy the notice requirement; and

(c)     the "Joint Check Rule" relied upon by USF&G, C&V, and Cap-Tenn to extinguish their liability to ABC is inapplicable because of the existence of contemporaneous contracts covering the same subject matter which preclude the application of the joint check rule.  (Emphasis supplied)

Cap-Tenn, the owner-appellee, has filed a brief in response to appellant's issues. C&V, the general contractor, and USF&G, its surety, have filed a brief and supplemental brief presenting the following issue:

Whether the Chancery Court was correct in granting Summary Judgment for the Defendants/Appellees United States Fidelity Guaranty Company and Charles & Vinzant Construction Company, Inc.

On June 21, 1995, C&V, the general contractor, ACI, the roof subcontractor, and ABC, the roofing material furnisher, executed the following "Joint Check Agreement":

This Joint Check Agreement entered into this 21 day of June, 1995, between (General Contractor) Charles & Vinzant Construction Co.
500 Southland Dr., Suite 102, Birmingham, AL 35226
205-823-6761 (hereinafter referred to) as (subcontractor) ACI Roofing, Inc.
1808 Pulaski Hwy., Fayetteville, TN 37334 615-433-6949 (hereinafter referred to as Subcontractor) and American Builders & Contractors Supply Co., Inc. d/b/a/ ABC Supply Co., Inc. (hereinafter referred to as ABC).

The parties hereto agree as follows:

1.     Any and all payments between General and Subcontractors in connection with the Project described below shall be made only by checks issued in the joint names of Subcontractor and ABC by the General pursuant to invoices submitted by Subcontractor to General.

Cool Springs Market Building located at 2000 Mallory Lane, Franklin, Tn. 37065 615-771-7954

2.     All checks issued by General jointly to Subcontractor and ABC as set out above shall be delivered to ABC by Subcontractor, whereupon Subcontractor will endorse said checks and surrender them to ABC for deposit by ABC. Subcontract amount of $225,140.00.

3.     One purpose of this Joint Check Agreement is to provide the payment of invoices rendered by ABC on sales of all materials to Subcontractor for use on the project, not in excess of Subcontractor amount. This agreement does not constitute an assignment of funds, and, except to the extent of payment actually received and retained by ABC, the execution of this Agreement and taking of such joint check shall not effect (sic) or otherwise impair any bond, lien or other creditor rights and remedies which ABC now has or may hereafter have. This Agreement shall remain in full force and effect until written cancellation is forwarded to General and Subcontractor by an authorized representative of ABC and all outstanding invoices owed by Subcontractor to ABC are paid in full.

ABC's rights contained herein are a portion of the consideration for ABC's agreement to supply materials for the Project.

The record contains a further document entitled Joint Payment Agreement, but it contains no date, no blanks are filled in and it contains only the signature of ABC and ACI. The signature of C&V, the general contractor, does not appear in the space provided for it.

-4-

Plaintiff's reliance upon the "second contract" is misplaced because the general contractor was not a party to it.

The record also contains a tabulation of deliveries claimed by ABC to have been made to ACI from July 26, 1995, to August 18, 1995, amounting to a total of $82,492.21.

On July 25, 1995, ACI submitted a payment request to C&V seeking payment for $75,234.00 worth of roofing materials. It attached to this request an invoice for these materials dated July 24, 1995, purportedly prepared by ABC. ABC insists, without contradiction by Cap-Tenn, C&V, or USF&G, that ACI actually forged this invoice.

In accordance with the Joint Check Agreement, C&V issued a check payable to ABC and ACI in the amount of $67,710.60 which represented the $75,234.00 less 10% "retainage" of $7,523.40. The "retainage" was retained by C&V to assure that ACI would satisfactorily complete its contract to construct the roof. Sec. 13 Am Jur.2d Building and Construction contracts §§21.p24. Upon satisfactory performance of the roof contract, ABC and ACI would be entitled to payment of the accumulated retainage by a check payable to both under the joint check agreement. To the extent of the retainage, the summary judgment in favor of C&V and USF&G is reversed.

C&V delivered the $67,710.60 check to ACI, and ACI endorsed the check and delivered it to ABC which endorsed and deposited it to the credit of ABC in its bank account on or about August 22, 1995. However, ABC drew and delivered a check to ACI for $23,324.12 and now seeks to recover from C&V and its surety this amount of $23,324.12 which it has already received from C&V and paid to ACI. Nothing in this record supports the right of ABC to collect this $23,324 from C&V or its surety for the second time. Therefore, we affirm the summary judgment in favor of C&V and USF&G on this claim.

ABC attempts to rely upon the above mentioned "Joint Payment Agreement" which contains the words:

> NOW, THEREFORE, in consideration of Supplier furnishing the work for said Project, and other valuable consideration, Contractor agrees to make payment for said Work by issuance of a check made payable jointly to Supplier and Subcontractor. Subcontractor agrees that such joint check payment shall be applied against Subcontractors's contract price with Contractor. Payment of the aforesaid amount shall be due at Supplier's place of business.
>
> In the event Contractor and Subcontractor are for any reason in disagreement as to monies due from Contractor to Subcontractor, at the time payment for the aforesaid work is due to Subcontractor, Contractor agrees to make full payment to Supplier directly, in lieu of issuing a joint check, and Subcontractor agrees that said money so paid by Contractor to Supplier shall be applied against Subcontractor's contract price with contractor. Contractor shall not be obligated to make payment to Supplier if Subcontractor becomes indebted to Contractor for default under said contract.
>
> Nothing contained herein in this agreement shall be construed as a waiver of any of the Contractor's rights or remedies against the Subcontractor or others. Additionally, this agreement shall in no way create an obligation upon Contractor to make payments in excess of the amounts due Subcontractor under the subcontract, or that this agreement shall not be construed to create a contractual obligation to supplier on the part of Contractor except as set forth in this agreement.

As stated above, this "Joint Payment Agreement" was signed only by ABC and ACI. No other party executed it.

ABC asserts that it has furnished a total of $81,921.71 of materials used in the roofing job and has received only $75,234.00 therefor. C&V responds that ABC has not yet proven the actual delivery and use of the invoiced materials in the roofing project. Moreover, C&V has its right of retainage, or delay of payment, until the roof contract has been satisfactorily performed by ACI. Upon proof of such performance, the rights of ABC and ACI to the retainage may be enforced. Until such performance is proved the question of liability of C&V

and its surety cannot be determined. Moreover, the performance of the notice provision of the surety undertaking of USF&G has not been shown by ABC or ACI.

It is undisputed that ABC received and deposited a check for the full amount of its bill. Its voluntary payment of part of the check to ACI did not create any obligation upon C&V or USF&G to reimburse ABC for said voluntary payment. The only claim which ABC might have against Cap-Tenn, the owners of the land, would be unjust enrichment. However, the record is clear that Cap-Tenn. has paid all it was obligated to pay under its contract. Therefore, no claim for unjust enrichment may be asserted against Cap-Tenn. See *Paschall's Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150 (1966). As we read the complaint ABC did not assert this claim against C&V and USF&G.

The case is not closed in the Trial Court, where ABC will have an opportunity to prove and enforce such rights as it may be able to establish to the retainage held by C&V to assure satisfactory performance of the roofing contract by ACI. Any dispute as to satisfactory completion of the roof will remain open for litigation in the Trial Court.

The summary judgment dismissing C&V, the general contractor, and USF&G, the surety, on the general contract, is reversed to allow ABC to assert its right to the retainage. In all other respects, the summary judgment dismissing Cap-Tenn, C&V and USF&G is affirmed.

Costs of this appeal are taxed against the appellant, ABC.  The cause is remanded to the Trial

Court for further necessary procedure.

-8-

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE