# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

F ILE D

**March 2, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

BROWNING CONSTRUCTION )
COMPANY, )
                )
         Plaintiff/Appellant, )      Hardeman Chancery No. 8704
                )
**v.** )
                )
**LAWRENCE E. STEINBERG and** )      Appeal No. 02A01-9711-CH-00290
**JOHN W. BROWNING, SR.,** )
                )
         Defendants/Appellees. )

## APPEAL FROM THE CHANCERY COURT OF HARDEMAN COUNTY
## AT BOLIVAR, TENNESSEE

### THE HONORABLE JOHN HILL CHISOLM, CHANCELLOR

For the Plaintiff/Appellant:        For the Defendant/Appellee
                                      Lawrence E. Steinberg:

William C. Bateman, Jr.          Stephen Craig Kennedy
Memphis, Tennessee            Selmer, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a suit to enforce a mechanics' and materialmen's lien. The plaintiff asserted it made improvements to real property based on an agreement with the owner of the property. The property owner moved for summary judgment, arguing that there was no evidence of an agreement between the parties. The trial court granted summary judgment to the defendant property owner, and the plaintiff appeals. We affirm.

Defendant/Appellee Lawrence E. Steinberg ("Steinberg") owned a tract of land in Hardeman County, Tennessee ("the property"). Steinberg and Defendant John W. Browning, Sr. ("Browning, Sr.") entered into a valid, written option contract for the purchase of the property. John Browning, Sr. asked his son, John Browning, Jr. ("Browning, Jr.") the president of Plaintiff/Appellant Browning Construction Company ("the Company"), to perform construction work on the property. The property was allegedly to be divided into lots for individual sale, and the Company would be paid as the individual lots sold. Pursuant to the alleged oral agreement, from October 10, 1987 until March 25, 1990, the Company furnished materials and made improvements on the property, including landscaping, pouring concrete roads, and clearing land. No written agreement was executed for the improvements to the property made by the Company.

The option contract between John Browning, Sr. and Steinberg expired in February 1990 and Steinberg refused to pay the Company for the improvements to his property. On August 24, 1990, the Company sued Steinberg and John Browning, Sr. to enforce a mechanics' and materialmen's lien on the property in the amount of $39,657.50 as payment for the work performed, plus costs and interest. The lawsuit sought to enforce the alleged contract with both defendants. Steinberg filed an answer and a crossclaim against Browning, Sr. The crossclaim asserted that Steinberg never authorized Browning, Sr. to act as his agent and sought idemnification from Browning, Sr. should the Company obtain a judgment against Steinberg.

After some discovery, Steinberg moved for summary judgment, submitting an affidavit in which he asserted that he never had an agreement with the Company to make improvements to the property. Steinberg acknowledged being aware that the Company had made some improvements, but indicated that he told Browning, Sr. that he had not authorized such work and would not be responsible for it. Steinberg also filed the deposition of Browning, Jr.

In response, the Company filed the affidavits of Browning, Sr. and Browning, Jr., and relied on excerpts from the deposition of Browning, Jr. In his affidavit, Browning, Sr. described having "a continuous ongoing business relationship" with Steinberg in which Browning, Sr. "was authorized to accomplish certain tasks" for Steinberg. Browning, Sr. indicated that Steinberg was made aware of the improvements to the property made by the Company and that Steinberg made inquiries about the improvements. Browning, Sr. did not state that Steinberg had authorized him to enter into an agreement with the Company to make the improvements.

In his deposition, Browning, Jr. alleged that the Company furnished labor and materials to improve the property "pursuant to a special contract on behalf of Larry Steinberg." Browning, Jr. asserted in his deposition that he had a contract with his father and Steinberg:

Q: And this contract that you had or agreement was between you and your father?

A: Yes, sir, and Mr. Steinberg.

However, in his deposition, Browning, Jr. could describe no conversation with Steinberg in which the parties reached an agreement regarding the improvements. At most, the conversations described by Browning, Jr. show that Steinberg was aware of the work that had been done on the property and was aware of Browning, Jr.'s belief that the improvements enhanced the value of the property.

Based on this record, the trial court granted Steinberg's motion for summary judgment. From this order, the Company now appeals.

On appeal, the Company asserts that the trial court erred in basing its order of summary judgment on Steinberg's affidavit because the affidavit does not state that it is based on Steinberg's personal knowledge, as required by Rule 56.06 of the Tennessee Rules of Civil Procedure, but rather states that it is to the best of Steinberg's "knowledge, information and belief." The Company argues further that the record establishes a disputed issue of fact as to whether a contract existed between Steinberg and the Company, and that summary judgment was therefore improper. Finally, the Company contends that it should be permitted to recover from Steinberg for the value of the work performed under the theory of implied contract.

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03. On a motion for summary judgment, courts must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing

2

evidence. *See Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is only appropriate when the case can be decided on the legal issues alone. *See id.* at 210. Because only questions of law are involved, there is no presumption of correctness. *See Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 68 (Tenn. App. 1992). Therefore, our review of the trial court's order of dismissal in this case is *de novo* on the record before this Court. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

On appeal, the Company first asserts that the trial court erred in relying on Steinberg's affidavit because it indicates that Steinberg's assertions in his affidavit were to the best of his "knowledge, information and belief," rather than being based on his personal knowledge as required by Rule 56 of the Tennessee Rules of Civil Procedure. However, the Company points to no place in the record indicating that this objection was raised to the trial court in this case. The issue cannot be raised for the first time on appeal. *See Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991).

The Company next contends that the record contained sufficient evidence of a contract to survive summary judgment. The Company relies on the deposition testimony of its President, Browning, Jr., in which he describes his conversations with Steinberg concerning the work that was being done on the property. The Company claims that the trial court erred in granting summary judgment because a genuine issue of fact exists concerning whether a contract existed between the Company and Steinberg.

Tennessee law provides for a materialmen's or mechanics' lien under certain conditions:

(a) There shall be a lien upon any lot of ground or tract of land upon which a house or structure has been erected, demolished, altered, or repaired, or for fixtures or machinery furnished or erected, or improvements made, *by special contract with the owner or the owner's agent*, in favor of the contractor, mechanic, laborer, founder or machinist, who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery, or material, and in favor of all persons who do any portion of the work or furnish any portion of the materials for such building; provided, that the subcontractor, laborer or materialman satisfies all of the requirements set forth in § 66-11-145, if applicable.

Tenn. Code Ann. § 66-11-102 (1993) (emphasis added).

In his deposition testimony, Browning, Jr. makes the conclusory allegation that the improvements to the property were made pursuant to a contract the Company had entered into with Steinberg and Browning, Sr. However, to fend off a motion for summary judgment, a party must

submit admissible evidence of facts to support his claim, and cannot simply rely on conclusory allegations. *See Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993) ("[T]he nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial."); Tenn. R. Civ. P. 56.05. Steinberg, of course, denies the existence of any agreement with Browning, Sr., Browning, Jr. or the Company regarding the improvements to the property. Neither Browning, Sr. nor Browning, Jr. testified as to facts from which a reasonable fact-finder could conclude that an agreement existed between Steinberg and the Company regarding the improvements. At most, the conversations described indicate that Steinberg was aware of the work being performed and allowed it to continue. While this might be sufficient to support a claim under the theory of implied contract or quantum meruit, it does not establish an agreement under which the Company may recover under the theory of breach of contract. The decision of the trial court on this issue is affirmed.

Finally, the Company asserts that it should be permitted to recover from Steinberg the value of the work performed on the property under the theory of implied contract. Tennessee "recognizes two distinct types of implied contracts; namely, contracts implied in fact and contracts implied in law, commonly referred to as quasi contracts." *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 53-54, 407 S.W.2d 150, 154 (1966). Contracts implied in fact arise under circumstances which show mutual intent or assent to contract. *See Weatherly v. American Agric. Chem. Co.*, 16 Tenn. App. 613, 65 S.W.2d 592, 598 (1933). Mutual assent and a meeting of the minds cannot be accomplished by the unilateral action of one party. *See Batson v. Pleasant View Util. Dist.*, 592 S.W.2d 578, 582 (Tenn. App. 1979). Contracts implied in law are created by law without the assent of the party bound, on the basis that they are dictated by reason and justice. *See Weatherly*, 16 Tenn. App. 613, 65 S.W.2d at 598. "Actions brought upon theories of unjust enrichment, quasi contract, contracts implied in law, and quantum meruit are essentially the same." *Paschall's*, 219 Tenn. 45, 407 S.W.2d at 154. Recovery on the basis of an implied in law contract is limited to the actual value of goods and services. *See Castelli v. Lien*, 910 S.W.2d 420, 427-28 (Tenn. App. 1995).

The Company's brief asserts the theory of implied contract, but does not indicate whether it is seeking recovery under the theory of a contract implied in fact or a contract implied at law. However, the complaint in this case does not allege either theory of implied contract; it asserts only breach of contract. The Company points to no place in the record in which these theories of recovery

4

were raised to the trial court. "It is well settled that issues not presented at trial cannot be raised for the first time on appeal." ***Landry v. Dood***, 936 S.W.2d 635, 637 (Tenn. App. 1996); ***see also Wiltcher v. Bradley***, 708 S.W.2d 407, 409 (Tenn. App. 1985). Consequently, the issue of implied contract shall not be considered on appeal.

The decision of the trial court is affirmed. Costs are assessed against the Appellant, for which execution may issue, if necessary.

 

 

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

 

_____
**W. FRANK CRAWFORD, P. J., W.S.**

 

_____
**ALAN E. HIGHERS, J.**