IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 30, 2001 Session

## THE WEATHER DOCTOR SERVICES CO. , INC.,  v. Mark Stephens, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 14066-2      Daryl R. Fansler, Chancellor**

**FILED JULY 27, 2001**

**No. E2000-01427-COA-R3-CV**

This is a suit in *quantum meriut* by The Weather Doctor Services Co., Inc., a subcontractor of David T. Goldnetz, d/b/a Architectural Custom Home Builders, Inc., against Mark Stephens and his wife Cindy Stephens.  The Trial Court sustained the Stephenses' motion for summary judgment, finding that the undisputed facts did not sustain a cause of action in *quantum meriut*.  We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

J. Nolan Sharbel and J. Terry Holland, Knoxville, Tennessee, for the Appellant, The Weather Doctor Services Co., Inc.

April D. Carroll and Bruce D. Fox, Clinton, Tennessee, for the Appellees, Mark and Cindy Stephens

**OPINION**

This is a suit in *quantum meriut* by The Weather Doctor Services Co., Inc., a subcontractor of David T. Goldnetz, d/b/a Architectural Custom Home Builders, Inc., against Mark Stephens and his wife Cindy Stephens seeking to recover the balance owed as to heating and air-conditioning units furnished on a residence being erected by the Stephenses.  The Trial Court sustained a summary judgment in favor of the Stephenses, based upon the following statement in the affidavit of Mr. Stephens, which accompanied his motion for summary judgment:

> 6.  That I provided payment to David Goldnetz to pay for the services and materials provided by The Weather Doctor.

The Trial Judge found that the countervailing affidavit filed on behalf of Weather Doctor was not timely because it was not filed within five days of the date of the hearing as required by Tenn.R.Civ.P. 56.04. He further found that even if the affidavit had been timely filed it was not sufficient to raise a material issue of fact.

Weather Doctor's appeal contends that the Trial Court was in error in not considering the late-filed affidavit, and even if the affidavit is not considered, summary judgment was improper.

The standard of review as to summary judgment has been recently restated in the case of Staples v. CBL & Associates, Inc., 15 S.W.3d 83, 88 (Tenn.2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. See Hunter v. Brown, 955 S.W.2d 49, 50-51 (Tenn.1997); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. See Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See Byrd v. Hall, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. See McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn.1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. See McCarley v. West Quality Food Serv., 960 S.W.2d at 588; Robinson v. Omer, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. See Robinson v. Omer, 952 S.W.2d at 426; Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn.1995).

In light of the fact that the Trial Judge was simply following the Rules of Civil Procedure, we do not find error in his failure to consider Weather Doctor's affidavit.

The leading case addressing *quantum meriut* is Paschall's, Inc. v. Dozier, 407 S.W.2d 150 (Tenn. 1966), wherein the Supreme Court stated the following:

[W]e hold that where a materialman or subcontractor furnishes labor or materials which benefit the property of a person with whom there is no privity of contract, an action on quantum meruit may lie against the landowner to recover the reasonable value of said labor and materials so furnished.

We wish to make it clear that recovery on such an action may not be had in every instance where a subcontractor or materialman has furnished materials or labor which benefit a third person. Our decision in this case is limited to affirming the propriety of quasi contract as a remedy in such factual situation. Each case must be decided according to the essential elements of quasi contract, to-wit: A benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.

The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust. Consequently, if the landowner has given any consideration to any person for the improvements, it would not be unjust for him to retain the benefit without paying the furnisher. Also, we think that before recovery can be had against the landowner on an unjust enrichment theory, the furnisher of the materials and labor must have exhausted his remedies against the person with whom he had contracted, and still has not received the reasonable value of his services.

A recently unreported case from this Court, Bonham Group, Inc., v. City of Memphis, 99 WL219782,7, reaffirmed the holding of Paschall's.

We conclude that even including the affidavit filed by Weather Doctor, which does not dispute that portion of Mr. Steven's affidavit hereinbefore quoted, precludes recovery under the doctrine asserted.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below.  Costs of appeal are adjudged against The Weather Doctor Services Co., Inc., and its surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE