**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

FILED

April 01, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| ARTHUR J. HITE, | ) C/A NO. 03A01-9808-CV-00256 |
| | ) |
| Plaintiff-Appellant, | ) KNOX CIRCUIT |
| | ) |
| v. | ) HON. WHEELER A. ROSENBALM, |
| | ) JUDGE |
| GLAZER STEEL CORPORATION | ) |
| and BRADFORD A. GLAZER, | ) AFFIRMED |
| | ) AND |
| Defendants-Appellees. | ) REMANDED |

JERROLD L. BECKER, and SAMUEL W. BROWN, BECKER, THOMFORDE, BROWN & KNIGHT, P.C., Knoxville, for Plaintiff-Appellant.

BERNARD E. BERNSTEIN, BERNSTEIN, STAIR & McADAMS, Knoxville, for Defendants-Appellees.

**O P I N I O N**

Franks, J.

The Trial Judge, responding to defendants' motion to dismiss, dismissed the plaintiff's cause of action alleging unjust enrichment, defamation, and estoppel against Glazer Steel and interference with a prospective economic advantage against Bradford Glazer, and plaintiff has appealed.

Plaintiff was Executive Vice-President and General Manager of Glazer Steel and the estate of Jerome S. Glazer owned 100% of the common stock of Glazer Steel. Plaintiff wrote to Alfred H. Moses, executor of the estate, and offered plaintiff's services in finding a buyer for Glazer Steel. Moses and plaintiff exchanged communications and plaintiff stated at one point that he had a potential buyer ready to buy. The parties never reached a final agreement concerning compensation and

plaintiff informed Moses that the opportunity had been lost. Glazer Steel terminated plaintiff on April 29, 1997.

The Trial Court's order recites that its decision upon the motion to dismiss was based upon plaintiff's response to the motion and affidavit filed by defendants, memoranda presented by the defendants, exhibits presented with the pleadings, and arguments of counsel. Where a trial court considers matters outside the pleadings on a motion to dismiss for failure to state a claim, the motion is treated as a motion for summary judgment. *Hixson v. Stickley*, 493 S.W.2d 471 (Tenn. 1973).

Plaintiff contends that he is entitled to a finder's fee based on unjust enrichment. "Unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist." *Whitehaven Community Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (citing *Paschall's Inc. v. Dozier,*407 S.W.2d 150, 154-55 (Tenn. 1966)). Courts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation. *Id.*

The Complaint does not allege that Glazer Steel entered a sales contract, or otherwise profited by plaintiff's efforts to secure a buyer. The Complaint merely states that Glazer Steel had been in contact with the potential buyer. Since Glazer Steel had yet to receive any benefit from the plaintiff's efforts, the trial court did not err on this issue.

The plaintiff also contends that Glazer Steel should be estopped from denying plaintiff severance pay and a reasonable finder's fee. The elements of equitable estoppel are set forth in *Callahan v. Town of Middleton*, 292 S.W.2d 501, 508 ( Tenn.App. 1954):

2

The essential elements of an equitable estoppel as related to the party estopped are said to be (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; (3) Knowledge, actual or constructive of the real facts. As related to the party claiming the estoppel they are (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) Reliance upon the conduct of the party estopped; and (3) Action based thereon of such a character as to change his position prejudicially[.](citation omitted).

The doctrine is ordinarily applicable only to representations of facts, either past or present. *Consumer Credit Union v. Hite*, 801 S.W.2d 822 (Tenn.App. 1990). The Complaint does not allege any misrepresentations by Glazer Steel. The final offer made by Glazer conditioned the payment of a finder's fee upon Glazer's purchase by the potential buyer, but plaintiff informed Alfred Moses that the potential buyer was no longer interested. Similarly, the plaintiff's severance pay was conditional upon his remaining with the Glazer Steel through sale or liquidation and performing his duties satisfactorily.

Although the Complaint states that he was concerned that Glazer Steel might inappropriately link his proposed finder's fee agreement with the severance pay agreement, it does not allege any false representations by Glazer Steel regarding severance pay. Glazer Steel terminated plaintiff before it was liquidated or sold. Thus, plaintiff was not entitled to severance pay under the terms of the agreement.

Plaintiff argues that Glazer Steel defamed him in a letter sent to the Tennessee Department of Employment Security (T.D.E.S.). In this letter, Glazer Steel stated that the appellant was terminated for breach of fiduciary duties and use of corporate opportunities for his own benefit. Plaintiff claims this communication defamed him.

The Trial Court did not err on this issue because the communication

3

between Glazer Steel and T.D.E.S. is absolutely privileged. T.C.A. § 50-7-701(c) sets forth this privilege:

> All letters, reports, communications, or any other matters, either oral or written, from the employer or employee or former employee, to each other, or to the department, or to or by any of the agents, representatives or employees of any of them, which shall have been written, spoken, sent, delivered or made in connection with the requirements and administration of this chapter, shall be absolutely privileged, and shall not be made the subject matter or basis for any suit for libel or slander in any court.

Plaintiff argues, however, that this court should apply the doctrine of compelled self-publication to his claim.

*Sullivan v. Baptist Mem. Hosp.*, 1997 WL 426981 (Tenn.App.), *permission to appeal granted* April 6, 1998, recognized the doctrine of compelled self-publication. The Western Section of the Court of Appeals held that "the publication element required for a defamation claim can be met if 1) the republication of the defamatory statement is reasonably foreseeable to the defendant, and 2) the plaintiff is compelled to republish the defamatory communication." *Id.* at *7.

Plaintiff states that Glazer Steel orally notified him of the reasons for his dismissal, and attempts to use this oral communication to state a claim under the doctrine of compelled self-publication. Assuming, *arguendo*, that the Supreme Court adopts this doctrine, plaintiff's Complaint still fails to state a claim for defamation. Although Glazer Steel could arguably foresee that the statement would be republished, the Complaint does not allege that plaintiff was ever "compelled to republish the defamatory statement." Thus, the Complaint fails to state a present claim under the doctrine of compelled self-publication.

The Complaint originally alleged that Bradford Glazer was liable for tortious interference with prospective economic advantage. Plaintiff now concedes that this claim is barred by *Nelson v. Martin*, 958 S.W.2d 643 (Tenn. 1997), but contends that he has stated a cause of action for intentional interference with his at-

4

will employment relationship. Plaintiff claims that he argued to the trial court that his Complaint could be read to state this claim. The record before us does not reflect any argument or other amendment, nor does the Complaint allege any actionable conduct by Bradford Glazer that took place before the appellant's termination.

We affirm the judgment of the Trial Court and remand with cost of the appeal assessed to appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



(Not Participating)
_____
Judge Don T. McMurray, J.

5