IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 1, 2021 Session

# LOS PUMAS CONCRETE v. HARMONY HOSPITALITY, LLC ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 18-995-III          Ellen Hobbs Lyle, Chancellor**

_____

**No. M2020-00956-COA-R3-CV**

_____

A subcontractor that performed concrete and site work on a hotel construction project filed a lien on the property and then commenced this action against the general contractor and the owner of the property to recover sums due on the balance of the subcontract, for additional change order work, and interest. The claims relevant to the issues on appeal are against the owner for unjust enrichment and to enforce the lien. After obtaining a default judgment against the now defunct general contractor, the subcontractor moved for summary judgment on its claims against the owner. The owner contended that summary judgment was not proper because there were genuine issues of material fact concerning the amount owed to the subcontractor and whether the change orders had been approved. The court found it undisputed that the subcontractor performed work, in addition to that paid by the owner to the general contractor, for which the subcontractor was not paid; and that the owner received and appreciated a benefit from the services rendered by the subcontractor. Based on these findings, the trial court held that the subcontractor satisfied its burden of proving that the property owner was unjustly enriched. Accordingly, the trial court granted summary judgment in favor of the subcontractor on its claims of unjust enrichment and to enforce its lien. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Kevin C. Stevens, Knoxville, Tennessee, for the appellant, Harmony Hospitality, LLC.

Richard Smith and Mason Rollins, Nashville, Tennessee, for the appellee, Los Pumas Concrete.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Harmony Hospitality, LLC, ("Harmony") was at all times material to this action the owner of real property located at 7616 Highway 70 South in Nashville, Tennessee. On September 20, 2016, Harmony entered into a construction contract with Omni Construction Company ("Omni") for Omni to serve as the general contractor for the construction of a "Home 2 Suites" hotel on the property. In February 2017, Omni entered into a Subcontractor Agreement with Los Pumas Concrete ("Los Pumas") to install a complete concrete system and perform site work for the hotel for the price of $323,254.

Although Los Pumas was paid by Omni for some of the labor and materials it provided pursuant to the Subcontractor Agreement, Los Pumas ceased work on the project in April 2018 because Omni ceased making progress payments. Shortly thereafter, Omni went out of business without fulfilling all of its financial obligations to Los Pumas.

Los Pumas timely filed a mechanic's and materialmen's lien on the property on July 6, 2018, asserting that Omni failed to pay it for materials and labor; and that it was owed $144,067 plus interest, attorney's fees, and other reasonable costs and expenses. Notice of the lien was sent to Omni and Harmony (collectively, "Defendants").

Three weeks later, Los Pumas timely filed a complaint in Davidson County Chancery Court against Omni and Harmony[1]. It sued Omni for breach of contract. As for Harmony, the complaint asserted, *inter alia*, claims for unjust enrichment, to enforce its lien on the property, and for a Writ of Attachment on the property in order to perfect the lien. It also sought a judgment against Defendants of $144,067, plus interest and attorney's fees.

Harmony filed an answer to the complaint in which it denied the allegations and asserted the affirmative defenses of failure to state a claim and failure to mitigate damages.[2] Omni, however, did not file an answer or responsive pleading. As a consequence, Los Pumas moved for default judgment as to Omni due to its failure to respond to the complaint and requested a judgment in the amount of $156,000.95, the sum of the requested $144,067, interest, and attorney's fees.

The Default Judgment Certificate based the requested award amount on the following calculations: (1) the total amount of the original obligation was $352,357, (2)

---

[1] The complaint also named Legends Bank as a defendant because it had a secured interest in the property but all claims against Legends Bank were subsequently dismissed and are not at issue on appeal.

[2] Harmony also filed a cross-complaint against Omni, but that claim was dismissed by agreed order.

the amount already paid by Defendants was $208,290, (3) the amount of interest requested was $5,332.45, and (4) the amount of attorney's fees and expenses requested was $6,601.50. The motion was granted on January 23 as to Omni, which had already become defunct, and the trial court awarded Los Pumas a judgment in the amount requested plus interest and attorney's fees. The remaining claims only pertain to Harmony.

Los Pumas subsequently moved for summary judgment against Harmony on its claims of unjust enrichment, in the amount of $197,199.72, and to enforce its lien. This amount was based upon Los Pumas' assertion that the balance owed under the contract, including change orders, amounted to $183,434.72, and the amount of prejudgment interest due was $13,765.

Harmony responded, contending that Los Pumas' unjust enrichment claim must fail because it had already paid Omni for the work performed under the Subcontractor Agreement. Additionally, Harmony disputed the amount claimed, insisting that the change orders were not signed by the authorized representative of Omni in accordance with the Subcontractor Agreement. It also contended that summary judgment was not appropriate because there were genuine issues of material fact concerning the discrepancies between a pay application that indicated the remaining balance due to Los Pumas was $48,627.84 and the lien, which stated that $144,067 was owed.

Following a hearing on May 22, 2020, the trial court held there were no genuine issues of material fact and granted summary judgment to Los Pumas on its unjust enrichment claims, for which it awarded $193,602.50. It also granted judgment on Los Pumas's claim to enforce the lien.

The trial court noted that Harmony's defense that it paid Omni 100% of the scheduled value of the site work under the Subcontract was unavailing because the record established that Los Pumas performed work, in addition to that paid by Harmony to Omni, for which it had not been paid. Further, the trial court adopted the reasoning and authorities from Los Pumas's May 20, 2020 Reply in Support of its Motion for Summary Judgment, which the court quoted as follows:

> Los Pumas is entitled to recover the full amount of its claim against [Harmony] because Harmony has benefited from Los Pumas' work, Harmony has appreciated the benefit of Los Pumas' work, and Harmony accepted those benefits[,] and it would be inequitable for Harmony to retain said benefits without paying for said benefits. *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 57 (Tenn. 1966). Harmony merely relies upon its own self-serving affidavit that it paid Omni 100% of the scheduled values of the site work that was performed by Los Pumas under the Agreement.

> First, Los Pumas' site work change orders and invoices were approved

by Omni. Los Pumas has not been paid for these change orders and invoices. Omni may have paid 100% of the scheduled value of the site work, but the site work at issue in this litigation is change order site work in addition to the original Subcontract schedule of values. Therefore, Harmony may have paid 100% of the schedule of values in the Subcontract, but Harmony has not paid for the change order site work that Los Pumas performed in addition to the Subcontract that Harmony has benefited from.

Second, Harmony only discusses site work in its Response to Los Pumas' Motion for Summary Judgment. Los Pumas performed extensive concrete work it was not paid for on this Project. Therefore, at a minimum, Los Pumas performed the concrete work that is the subject of this litigation and its unjust enrichment claim should be granted.

This appeal followed. Harmony challenges the grant of summary judgment on four grounds, which we have restated as follows:

1. Los Pumas is not entitled to compensation for the work identified in the change orders because the change orders were not signed by an authorized representative of Omni.
2. Summary judgment concerning the amount subject to the lien was not proper because there were genuine issues of material fact.
3. Los Pumas was not entitled to recover on its claim of unjust enrichment because Harmony paid Omni for some of the work performed by Los Pumas.
4. Los Pumas failed to prove the reasonable value of its services.

## STANDARD OF REVIEW

The standard of review for summary judgment motions is as follows:

[According to Rule 56.04 of the Tennessee Rules of Civil Procedure,] [a] trial court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing a trial court's ruling on a motion for summary judgment, we make a fresh determination about whether the requirements of Rule 56 have been met. Our review of the trial court's ruling is de novo, with no presumption of correctness. On review, we accept the evidence presented by . . . the nonmoving party, as true; allow all reasonable inferences in its favor; and resolve any doubts about the existence of a genuine issue of material fact in favor of [the nonmoving party].

*TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (internal citations omitted).

If the moving party makes a properly-supported motion, the burden shifts to the nonmoving party to "set forth specific facts *at the summary judgment stage* showing that there is a genuine issue for trial." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* at 264. Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

Any party opposing a motion for summary judgment must respond to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Tenn. R. Civ. P. 56.03. Each disputed fact must be supported by specific citation to the record. *Id.* The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Rye*, 477 S.W.3d at 265. Moreover, a party cannot create a genuine dispute of a material fact based on a conclusory statement. *See Lee v. Franklin Special Sch. Dist. Bd. of Educ.*, 237 S.W.3d 322, 331 (Tenn. Ct. App. 2007) ("Mere conclusory statements are insufficient to create a dispute of fact when the moving party presents specific facts sufficient to support a motion for summary judgment."); *see also Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship*, 338 S.W.3d 882, 887 (Tenn. Ct. App. 2009) ("A conclusory statement, such as '[the movant] believes itself to have a good and valid defense,' is insufficient.") (citation omitted).

## ANALYSIS

### I. CHANGE ORDERS

Harmony contends the trial court erred by holding that the written change order provision in the Subcontract Agreement had been waived by Omni and Los Pumas.[3] It

---

[3] Harmony argues, for the first time on appeal, that the trial court erroneously applied Tennessee law in its determination of whether the change order requirement contained in the Subcontractor agreement had been waived. Harmony concedes that it did not raise this argument at the trial level. It is well-settled that "[i]ssues not raised in the trial court cannot be raised for the first time on appeal." *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006). Therefore, this argument is deemed waived. Moreover, Tennessee Code Annotated section 66-11-208 provides:

argues that the change orders and invoices were unauthorized because the invoices either contained the signature of an unauthorized representative of Omni or were submitted by Los Pumas after Omni had already ceased work on the property.

Los Pumas asserts that the change orders and invoices were authorized by Omni. Alternatively, it also contends that the course of dealing between Omni and Los Pumas amounted to a waiver of the pre-authorized, written change order requirement; thus, it is entitled to be compensated for its services.

"The waiver of a written change order requirement by an owner is not always required to be in writing but may be the result of the parties' conduct on the job." *Moore Const. Co. v. Clarksville Dep't of Elec.*, 707 S.W.2d 1, 13 (Tenn. Ct. App. 1985). "The course of dealing between the parties can . . . amount to a waiver where the conduct of the parties makes it clear that they did not intend to rely strictly upon a contract's written notice requirement and that adherence to such a requirement would serve no useful purpose." *Id*. (citing *Copco Steel & Eng'g Co. v. United States*, 341 F.2d 590, 598 (Ct. Cl. 1965)).

Los Pumas relied on the affidavit of Michael Sanford, who was responsible for project management oversight of the project on behalf of Omni, and that of its owner, Gumaro Vega Rivera, to establish the course of conduct between the companies as well as the extent and quality of the work performed by Los Pumas. One of Mr. Sanford's duties with Omni was to ensure that subcontracted work was performed in a timely manner, free of defects and meeting contract specifications. Mr. Sanford claimed that Richard Stone, an Omni employee, and Rob Wolfe, the Vice President of Omni, gave Gary Clay, the area superintendent for Omni, the authority to approve change orders. Omni made this decision because Mr. Clay was on-site at the project on a daily basis. Mr. Sanford also explained that it was Omni's common practice to direct Los Pumas to perform work and for Los Pumas to submit an invoice after the work was performed.

Mr. Sanford stated that he had personal knowledge of the scope of work performed by Los Pumas; that he was present at multiple meetings regarding the project where Mr. Clay, Mr. Wolfe, and "the controller" directed Los Pumas to perform the scope of work detailed in the documents attached to his affidavit. Attached to Mr. Sanford's affidavit were the invoices and change orders Los Pumas claimed it had not been compensated for. The

(a) Except as provided in subsection (b), a provision in any contract, subcontract or purchase order for the improvement of real property in this state is void and against public policy if it makes the contract, subcontract or purchase order subject to the substantive laws of another state or mandates that the exclusive forum for any litigation, arbitration or other dispute resolution process is located in another state.

It is undisputed that the property at issue is located in the state of Tennessee. Thus, we conclude that the trial court properly evaluated the waiver of the change order provision pursuant to Tennessee law.

affidavit of Mr. Rivera was consistent with that of Mr. Sanford.

Harmony relied on the affidavit of Amit Patel, a member of Harmony, to dispute Mr. Sanford's testimony that Omni gave Mr. Clay the authority to approve change orders. Mr. Patel explained that despite being "regularly onsite and inspecting the Project's progress," he was unaware of who approved the change orders Los Pumas relied upon in its calculation of the amount owed.

Los Pumas responded by noting that Mr. Patel did not have personal knowledge sufficient to provide competent testimony on this fact because Mr. Patel lacked personal knowledge of Omni's and Los Pumas' course of dealing regarding change orders or pay applications. In fact, Mr. Patel's statements that the change orders were submitted after Omni abandoned the project, that the change orders were never approved, or that he was unaware of anyone who had approved the orders, are merely conclusory statements. Without personal knowledge concerning the course of dealing between Omni and Los Pumas, Mr. Patel's affidavit does not "do more than simply show that there is some metaphysical doubt as to the material facts." *See Rye*, 477 S.W.3d at 265.

Mr. Patel's conclusory statements, as well as his silence on certain material facts, failed to create a dispute of material fact concerning whether Omni and Los Pumas agreed to waive the written change order procedure set forth in the Subcontractor Agreement. Because the assertions of Mr. Sanford and Mr. Rivera on this issue were undisputed, there were no material facts still at issue and summary judgment was appropriate.

For the foregoing reasons, we affirm the trial court's ruling that Omni and Los Pumas engaged in a course of dealing such that their failure to adhere to the signatory requirement contained in the Subcontractor Agreement constituted a waiver of that requirement.

## II. LIEN AMOUNT

Harmony contends Los Pumas was not entitled to summary judgment because there were genuine issues of material fact regarding the lien. The genuine issue of material fact, Harmony contends, arises from the discrepancy between the amount claimed on Los Pumas' lien and the remaining balance stated on the pay application.

In response, Los Pumas acknowledges that Pay Application No. 3 was not correct but asserts that the necessary corrections were subsequently made, and the correct amount owed to Los Pumas was ascertained prior to trial. Thus, Los Pumas insists there were no material facts in dispute concerning the amount it was entitled to recover from Omni pursuant to the Subcontractor Agreement and approved change orders as of the time of

trial.[4]

Further, Los Pumas admits that the amount stated on Pay Application No. 3, $48,627.84, was not correct. As Mr. Rivera and Mr. Stanford explained, the error was due to the fact that Omni usually assisted its subcontractors in filling out pay applications; however, Omni did not assist Los Pumas in preparing Pay Application No. 3 because it had abandoned the project.

Los Pumas relied on Mr. Sanford to confirm the amount it was entitled to recover, and the change orders attached thereto, which had been approved, Los Pumas introduced evidence showing that Omni owed Los Pumas a balance of $352,357.

While Harmony focused on these inconsistencies in its response to Los Pumas' Statement of Undisputed Facts, its claim that material facts were in dispute was limited to Pay Application No. 3 and the affidavit of Mr. Patel. Mr. Sanford had personal knowledge as to how the pay applications had typically been completed based on his responsibility of overseeing the project as an employee of Omni. His affidavit was sufficient to establish that Pay Application No. 3 did not include all of the work Los Pumas performed pursuant to the approved change orders. Regarding Mr. Patel's affidavit, Los Pumas was able to establish that Mr. Patel did not have personal knowledge of these matters because he did not participate in the decisions to authorize the change orders. Thus, his affidavit did not constitute competent evidence regarding the work performed by Los Pumas or the amount it was entitled to recover pursuant to the Subcontractor Agreement and change orders. Thus, although Harmony tried to raise disputed material facts, it failed to do so.

At the trial court's direction during the hearing, Los Pumas prepared a statement of damages that identified how it calculated the amount Harmony owed. The statement indicated that Los Pumas was directed by the trial court to "reflect the undisputed number of loads regarding Invoice 102 from 106 loads to 75 loads in Plaintiff's damages and

---

[4] Los Pumas also asserted that Harmony did not make this argument at the trial level, therefore the issue is waived. We disagree. In its response to the statement of undisputed material facts Harmony stated, in pertinent part:

15. Omni has failed to pay for the labor and materials incorporated into the Project. *See Complaint ¶ 22; Affidavit of Gumaro Vega Rivera ¶ 17.*

**RESPONSE**: Disputed as stated. Omni paid Los Pumas $245,673.04 prior to Pay Application number three dated May 31, 2018, the remaining balance to be paid according to that Pay Application submitted by Los Pumas was only $48,627.84. Now Los Pumas claims entitlement to an amount substantially greater than the balance set forth on its own final Pay Application. *See* Pay Application No. 3 (Attached as **Exhibit B** to the Patel Aff.).

Having concluded that this argument was not waived, we proceed to review the evidence to determine whether there is a genuine dispute of material fact.

include prejudgment interest." The calculation is as follows:

| | |
|---|---|
| 106 Loads x $720/load | $76,320.00 |
| 75 loads x $720/load | - $54,000.00 |
| Difference between 106 loads and 75 loads | $22,320.00 |
| | |
| Original Balance Owed on the Contract and Change Orders | $183,434.72 |
| Difference between 106 loads and 75 loads | -$(22,320.00) |
| Undisputed Balance Owed on the Contract and Change Orders | $161,114.72 |
| | |
| Undisputed Balance Owed on the Contract and Change Orders | $161,114.72 |
| 10% Prejudgment Interest from May 23, 2018 - May 28, 2020 | + $32,487.78 |
| Total Balance Owed to Plaintiff | $193,602.50 |

Aside from its arguments regarding the inconsistent balances indicated on the pay application and the lien, Harmony has not produced any evidence to dispute the figures provided in Los Pumas' statement of damages. Because Harmony's attempts to dispute Los Pumas' statement of undisputed facts hinged entirely on the affidavit of Mr. Patel, and he lacks personal knowledge with respect to the change orders and the pay applications, we affirm the trial court's ruling that no material facts are in dispute concerning the amount Los Pumas is entitled to recover based on the services it rendered that are at issue in this appeal.

### III. UNJUST ENRICHMENT

For its part Los Pumas insists it is entitled to recover on its claim against Harmony because Harmony has benefited from its work, appreciated the benefit of its work and accepted those benefits, so it would be inequitable for Harmony to retain said benefits without paying for them. Los Pumas relies on the undisputed facts that it has not been paid for the services indicated on the pay applications, change orders and invoices at issue and there is no proof that Harmony paid Omni for the full amount of Los Pumas' work.

Harmony challenges the trial court's ruling on unjust enrichment on two grounds. One, it contends Los Pumas is not entitled to recover on its claim of unjust enrichment because Harmony paid Omni for some of the work performed by Los Pumas. Two, it contends Los Pumas failed to prove the reasonable value of its services. We will discuss each in turn.

### A. Partial Payment

Harmony contends it owes Los Pumas no further payments because it previously remitted payment to Omni for some, but not all, of the services Los Pumas rendered on the project. Harmony's argument hinges on the meaning of one sentence in *Paschall's Inc.*,

which reads "if the landowner has given any consideration to any person for the improvements, it would not be unjust for him to retain the benefit without paying the furnisher." 407 S.W.2d at 156. Considering the context of the foregoing sentence, it is apparent that Harmony is attempting to paint the unjust enrichment landscape with too broad a brush.

The theory of unjust enrichment is based on the principle that "a party who receives a benefit that he or she desires, under circumstances rendering retention of the benefit without providing compensation inequitable, must compensate the provider of the benefit." *Cole v. Caruso*, No. W2017-00487-COA-R3-CV, 2018 WL 1391625, at *3 (Tenn. Ct. App. Mar. 20, 2018) (quoting *Freeman Indus., LLC. v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (citing *Paschall's Inc.*, 407 S.W.2d at 154).

To establish the essential elements of an unjust enrichment claim, one must prove: "1) '[a] benefit conferred upon the defendant by the plaintiff'; 2) 'appreciation by the defendant of such benefit'; and 3) 'acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Freeman Indus.*, 172 S.W.3d at 525 (quoting *Paschall's Inc.*, 407 S.W.2d at 155).[5] Of the essential elements in a claim of unjust enrichment, the most significant is that *the enrichment to the defendant be unjust. Freeman Indus., LLC.*, 172 S.W.3d at 525 (citing *Paschall's Inc.*, 407 S.W.2d at 155; *Whitehaven Cmty. Baptist Church*, 973 S.W.2d 592, 596 (Tenn. 1998)) (emphasis added).

Harmony does not argue that Los Pumas failed to establish the first two elements of an unjust enrichment claim. Harmony did not dispute that the work performed by Los Pumas had been inspected, passed any and all codes, and was being used for its intended purpose by Harmony; that the work performed had been accepted by all interested parties; and that Harmony benefited from the labor and materials provided by Los Pumas. Harmony does contend that Los Pumas failed to establish the third element. It is undisputed that Harmony paid nothing to Omni or anyone else for these improvements and that Los Pumas has not been paid for these improvements. Yet, Harmony contends that retaining the benefit it received from these improvements without paying anyone for them would not inequitable. We disagree.

The equitable principles of unjust enrichment claims stand for the proposition that if no one has paid the claimant for *the value of the improvements that are at issue* then the

---

[5] If the plaintiff enjoyed privity of contract with another concerning the work at issue, "the plaintiff must further demonstrate that [it] has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract." *Advanced Sec. Servs. Evaluation & Training, LLC v. OHR Partners Ltd.*, No. M2017-00249-COA-R3-CV, 2018 WL 1391626, at *11 (Tenn. Ct. App. Mar. 20, 2018) (quoting *Paschall's, Inc.*, 407 S.W.2d at 155). Harmony does not challenge whether Los Pumas exhausted its remedies against Omni; therefore, this is not at issue on appeal.

landowner may be held liable for the reasonable value of the services for which no one has paid anything. Thus, contrary to Harmony's "inequitable" argument that if it has paid anything it owes nothing more, *Paschall's, Inc.* supports the premise that an action brought on the theory of unjust enrichment is founded on the principle that "*a party receiving a benefit desired by him, under circumstances rendering it inequitable to retain it without making compensation, must do so*." 407 S.W.2d at 155. Nevertheless, we acknowledge that a burden of proof is "imposed by Tennessee law on those claiming unjust enrichment where some consideration was in fact paid." *Cole v. Caruso*, 2018 WL 1391625, at *4. Specifically, in order for a plaintiff to establish that the defendant's retention of a benefit was unjust, the plaintiff "must present competent proof that *he conferred a benefit on the defendant beyond what he has previously been compensated for*." *Id*. (emphasis added).

Accordingly, Harmony may be held liable under the principles of unjust enrichment for the reasonable value of the additional work performed by Los Pumas for which Harmony has paid no one and Los Pumas has not been paid.

B. The Reasonable Value of the Additional Work Performed by Los Pumas

Harmony contends that Los Pumas did not establish the reasonable value of its services or, alternatively, that a genuine dispute of fact exists which precludes summary judgment.

"The measure of compensation for unjust enrichment is based on the reasonable value of the services 'to be judged by the customs and practices prevailing in that kind of business.'" *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 227–28 (Tenn. Ct. App. 2009) (citing *Lawler v. Zapletal*, 679 S.W.2d 950, 955 (Tenn. Ct. App. 1984)).

Los Pumas introduced evidence of the value of its services through the affidavit of Mr. Rivera, Mr. Sanford, the pay applications, invoices and change orders, establishing that the work performed was valued by Omni at $352,357. Upon review of Harmony's brief, we find no citation by Harmony to evidence that disputes the reasonable value of Los Pumas' services. In fact, the entire section of Harmony's brief as it relates to this argument contains no citations to the record aside from Mr. Rivera's affidavit, which does not dispute the value of Los Pumas' services. The most contradictory statement made by Harmony is that Mr. Rivera's affidavit is "self-serving," which is a mere conclusory statement. Thus, it does not constitute evidence sufficient to create a dispute of material fact concerning whether Los Pumas established the reasonable value of its services. To the contrary, we find, as the trial court did, that the reasonable value of Los Pumas's services was established through the affidavits of Mr. Rivera, Mr. Sanford, the pay applications, invoices and change orders.

Because there is no factual dispute as to the reasonable value of the services rendered by Los Pumas for which it has not been compensated, and Harmony conceded

that it has made no payment to Omni or anyone for these services, we affirm the trial court's decision to grant summary judgment on this issue.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court in all respects. Costs of appeal taxed to Appellant, Harmony Hospitality, LLC.

_____
FRANK G. CLEMENT, JR., JUDGE