IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2024 Session

## KALOS, LLC v. WHITE HOUSE VILLAGE, LLC ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 2021-CV-144   Louis W. Oliver, Chancellor**

_____

**No. M2023-01325-COA-R3-CV**
_____

The trial court granted Appellees' Tennessee Rule of Civil Procedure 12.03 motion to dismiss Appellant's lawsuit for unjust enrichment because Appellant did not exhaust its remedies in contract.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Mark R. Olson, Clarksville, Tennessee, for the appellant, Kalos, LLC.

J. Wallace Irvin, W. Dawson Ogletree, and Lucas Allen Davidson, Nashville, Tennessee, for the appellees, White House Village, LLC, Kentucky Property Management, LLC, and Horizon Construction, LLC.

## OPINION

### I. Background

Twin Springs at White House, LLC f/k/a White House Village, LLC ("White House") is the owner of real property located at 2940 Highway 31 West in Sumner County (the "Property"). Horizon Construction, LLC ("Horizon") served as the general contractor for the construction of an apartment complex on the Property. Kentucky Property Management, LLC ("KPM," and together with White House and Horizon, "Appellees"),[1]

---

[1] Kalos is a Tennessee entity; White House, Horizon, and KPM are Kentucky entities.

acting as Horizon's agent, made payments on behalf of Horizon for work performed by Horizon's subcontractors. One of the subcontractors, Appellant Kalos, LLC ("Kalos"), performed work at the Property pursuant to its contract with Horizon. Dispute arose concerning Kalos' payments.

On September 24, 2019, Kalos filed a "Verified Complaint to Enforce Mechanic's and Material Men's Lien" in Chancery Court for Sumner County ("trial court"). In its complaint, Kalos alleged that it had not been paid for labor, materials, and construction services performed under its contract with Horizon. Kalos sought a judgment of $101,506.90 plus pre-judgment interest, attorney's fees, and costs. Kalos asserted four claims: (1) lien enforcement; (2) unjust enrichment; (3) liability under bond; and (4) lien priority. In its claim for unjust enrichment, Kalos asserted:

> [Kalos] did have a direct contractual relationship with [Horizon] and [White House] regarding the material it furnished for the Project. [Kalos] furnished the material under such circumstances that would render it unjust for Horizon Construction, LLC, and Kentucky Property Management, LLC, to retain the benefit of said material without paying for the same, as a result of which, [Horizon] and [White House] are liable to [Kalos] for the value of such material, under the theory of unjust enrichment.

On September 24, 2020, Appellees removed the lawsuit to the United States District Court for the Middle District of Tennessee (the "District Court"). On October 28, 2020, Appellees filed a motion to dismiss Kalos' counts for enforcement of the lien, unjust enrichment, and lien priority. *Kalos, LLC v. Twin Springs at White House, LLC*, No .21-5352, 2022 WL 59617, at *1 (6th Cir. Jan. 6, 2022). Although the District Court granted it four extensions of time, Kalos failed to respond to Appellees' motion. *Id.* Nevertheless, the District Court considered Appellees' motion on the merits before granting it in full. *Id.* The District Court dismissed Kalos' claims for enforcement of the lien and lien priority with prejudice and dismissed its count for unjust enrichment without prejudice.[2] *Kalos, LLC v. White House Vill., LLC*, No. 3:20-CV-00812, 2020 WL 7027502, at *5 (M.D. Tenn. Nov. 30, 2020). Kalos appealed, and the Sixth Circuit Court of Appeals affirmed. *Kalos*, 2022 WL 59617, at *2. The Sixth Circuit held that, "[v]iewing Kalos's complaint under the appropriate motion-to-dismiss standard, the complaint fails to plead a claim for unjust enrichment because it does not allege the requisite elements[]" under Tennessee law. *Id.*

While its appeal was pending in the federal action, on September 24, 2021, Kalos filed the complaint giving rise to this appeal. In its complaint, which was filed in the trial

---

[2] The District Court dismissed Kalos's claim for liability under bond on March 31, 2021. *Kalos, LLC v. White House Vill., LLC*, No. 3:20-CV-00812, 2021 WL 1022752, at *8 (M.D. Tenn. Mar. 17, 2021).

court, Kalos asserted that it "contracted with Horizon . . . to perform construction services"; Kalos averred that "some payment [had been] made for work performed[,]" but $72,500.00 remained due. Kalos again asserted its claim for damages plus prejudgment interest, fees, and costs under the theory of unjust enrichment. Specifically, Kalos' complaint states:

> [Kalos] performed work at the request of [Horizon] regarding the material it furnished for the Project. [White House] benefited from this work and materials. [Kalos] furnished the material under such circumstances that would render it unjust for [Appellees] to retain the benefit of said material without paying for the same, as a result of which, [Horizon] and [White House] are liable to [Kalos] for the value of such material, under the theory of unjust enrichment.

On October 28, 2021, Appellees filed a Tennessee Rule of Civil Procedure 12.03 motion to dismiss for failure to state a claim, wherein they asserted that Kalos' lawsuit was barred under the doctrine of prior suit pending (based on the pending federal appeal). Alternatively, Appellees asserted that Kalos could not establish its unjust enrichment claim because it failed to exhaust its remedies in contract. Kalos did not respond to Appellees' motion and failed to attend the November 8, 2021 hearing on the motion, and the trial court granted Appellees' motion to dismiss. On December 8, 2021, Kalos filed a motion to set aside the order of dismissal, which the trial court granted. Kalos took no further action, and Appellees' motion to dismiss was set for a hearing on February 27, 2023. On February 24, 2023, Kalos moved to continue the hearing, and the trial court reset the hearing for March 20, 2023. Kalos did not participate in the March 20 hearing, and, on March 29, 2023, the trial court again granted Appellees' motion to dismiss. On April 28, 2023, Kalos filed a Tennessee Rule of Civil Procedure 59 motion to set aside the judgment. On July 24, 2023, the trial court again set aside its judgment and ordered Kalos to file a response to Appellees' motion by 4:30 p.m. on August 7, 2023. Kalos fax-filed its response late on August 7, and Appellees' motion was heard on August 14, 2023. On August 20, 2023, the trial court entered an order granting Appellees' motion to dismiss. In its order, the trial court held that, as a matter of law, Kalos could not state a claim for unjust enrichment or quantum meruit because it had not demonstrated that it exhausted its contract remedies against Horizon.[3] Kalos appeals.

---

[3] In its order, the trial court conflates the terms "quantum meruit" and "unjust enrichment." However, from the plain language of its complaint, Kalos asserts only a claim for unjust enrichment. Although the theories of quantum meruit and unjust enrichment arise from the imposition of an implied or quasi contract that "are created by law without the parties' assent and are based upon reason and justice[,]" the theories are not identical. *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524 (Tenn. 2005) (citations omitted). Because unjust enrichment is the only cause of action asserted in this case, we will not address quantum meruit in this appeal. However, suffice to say, when proceeding under either theory, a plaintiff must first exhaust any contractual remedies it may have.

## II. Issues Presented

Kalos presents the following issues for review, as stated in its brief:

1. Dismissal for failure to state a claim was in error because a recognized cause of action was stated.

2. Kalos is barred from presenting any other cause of action based upon res judicata and collateral estoppel—there is no contract action which can be asserted.[4]

Appellees raise the additional issue of whether they are entitled to an award of attorney's fees for a frivolous appeal.

## III. Standard of Review

It is well-settled that a motion to dismiss tests "'only the legal sufficiency of the compliant, not the strength of the plaintiff's proof or evidence.'" ***Elvis Presley Enter., Inc. v. City of Memphis***, 620 S.W.3d 318, 323 (Tenn. 2021) (quoting ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011)).  When considering a motion to dismiss, the trial court must determine whether the allegations of the complaint, if considered true, constitute a cause of action as a matter of law.  ***Id.*** (citation omitted). The trial court "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" ***Id.*** (quoting ***Tigg v. Pirelli Tire Corp.***, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting ***Trau-Med of Am., Inc. v. Allstate Ins. Co.***, 71 S.W.3d 691, 696 (Tenn. 2002))) (additional citations omitted).  It should grant the motion "'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"  ***Id.*** (quoting ***Crews v. Buckman Labs. Int'l, Inc.***, 78 S.W.3d 852, 857 (Tenn. 2002)) (additional citations omitted).  On appeal, we must also regard the allegations of the complaint as true.  ***Elvis Presley Enter.***, 620 S.W.3d at 323 (citation omitted).  A trial court's decision to grant or deny a motion to dismiss is a matter of law that we review *de novo* with no presumption of correctness.  ***Robinson v. City of Clarksville***, 673 S.W.3d 556, 566 (Tenn. Ct. App. 2023).

---

[4] Although Kalos includes the term "collateral estoppel" in its statement of the issue, it does not address estoppel in its brief.  As such, even if the issue had merit, which it does not, the issue would be waived. Tenn. R. App. P. 27(a) ("The brief of the appellant shall contain . . . (7) [a]n argument ... setting forth the contentions of the appellant with respect to the issues presented . .. with citations to the authorities and appropriate references to the record."); ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010).

## IV. Analysis

Concerning unjust enrichment, the Tennessee Supreme Court has explained:

> Unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist. ***Paschall's Inc. v. Dozier***, 219 Tenn. 45, 407 S.W.2d 150, 154-55 (1966). Courts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation. ***Id***. 407 S.W.2d at 154-55.

***Whitehaven Cmty. Baptist Church v. Holloway***, 973 S.W.2d 592, 596 (Tenn. 1998); *see also **Segneri v. Miller***, No. M2003-01014-COA-R3CV, 2004 WL 2357996, at *6 (Tenn. Ct. App. Oct. 19, 2004). As a threshold requirement, a party seeking recovery under a theory of unjust enrichment must aver either that there is no contract, or that an existing contract is unenforceable or otherwise invalid. Then, the party must prove the prima facie elements of unjust enrichment, which are:

> (1) "[a] benefit conferred upon the defendant by the plaintiff";
> (2) "appreciation by the defendant of such benefit"; and
> (3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof."

***Fam. Tr. Servs. LLC v. Green Wise Homes LLC***, 693 S.W.3d 284, 304 (Tenn. 2024)

(quoting ***Freeman Indus.***, 172 S.W.3d at 525).

In its order dismissing Kalos's claim, the trial court held that Kalos could not recover against Appellees because it did not "first exhaust [its] remedies against the party with whom [it] allegedly contracted." Specifically, the trial court held:

> Kalos cannot state a claim for [] unjust enrichment because:
>
> a. Kalos alleges the existence of an enforceable contract with Horizon (although Kalos decided not to file a breach of contract claim) covering the same subject matter. . . .

Kalos argues that the trial court erred in dismissing its unjust enrichment claim because it established the three elements set out in ***Freeman Industries***. However, in so arguing, Kalos ignores the threshold requirement for recovery—*i.e.,* either no contract exists, or the

existing contract is unenforceable. Turning to the complaint, Kalos clearly states that it "contracted with Horizon Construction, LLC, to perform construction services" at the Property. However, the complaint is devoid of any language from which we could infer either that Kalos exhausted its remedies (or even asserted a cause of action) sounding in contract, or that the contract was unenforceable. We reiterate that a plaintiff asserting a claim for unjust enrichment "must [] demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract." *Freeman Indus.*, 172 S.W.3d at 525 (citations omitted); *Paschall's, Inc. v. Dozier*, 407 S.W.2d at 155 ("[T]he furnisher of the materials and labor must have exhausted his remedies against the person with whom he had contracted, and still has not received the reasonable value of his services."). In reviewing a trial court's decision on a motion to dismiss, we take the averments in the complaint as true. Based on Kalos' complaint, it had an enforceable contract with Horizon. When an enforceable contract exists on the same subject matter, an unjust enrichment action is premature ""until such time as [a plaintiff] receives a judgment against [a contractor] and *is unable to collect upon it[.]*"" *AmSouth Erectors, LLC v. Skaggs Iron Works, Inc.*, No. W2002-01944-COAR-3-CV, 2003 WL 21878540, at *6 (Tenn. Ct. App. Aug. 5, 2003) (quoting *Anderson Poured Walls, Inc. v. Clark*, No. E2022-01271-COA-R3-CV, 2024 WL 50232, at *4 (Tenn. Ct. App. Jan. 4, 2024)) (emphasis added). Additionally, "[u]njust enrichment cannot be used to avoid 'an agreement deliberately entered into by the parties[.]'" *Est. of Lyons v. Baugh*, No. M2017-00094-COA-R3-CV, 2018 WL 3578525, at *6 (Tenn. Ct. App. July 25, 2018) (quoting *Jaffe v. Bolton*, 817 S.W.2d 19, 26 (Tenn. Ct. App. 1991)); *see also Advanced Sec. Servs. Evaluation & Training, LLC v. OHR Partners Ltd.*, No. M2017-00249-COA-R3-CV, 2018 WL 1391626, at *12 (Tenn. Ct. App. Mar. 20, 2018) (holding that plaintiff had not stated a claim for unjust enrichment when plaintiff alleged that it had a contract with defendant, but did not allege in the alternative that that contract was unenforceable or invalid). Because Kalos did not plead that it had exhausted its contractual remedies or that the contract with Horizon was unenforceable or invalid, the trial court correctly held that Kalos failed to state a claim for unjust enrichment. Because unjust enrichment was the only cause of action Kalos pleaded, the trial court correctly dismissed the lawsuit.

Before concluding, we briefly address Kalos' second appellate issue concerning res judicata. In its brief, Kalos states:

> In this case, [Appellees] sought dismissal of the unjust enrichment claim without prejudice and were granted that relief. [Appellees] won on each issue presented to the District Court other than unjust enrichment. As a matter of law, aside from unjust enrichment, every other cause of action is barred to [Kalos]. As a result, any contract action is not one which can be asserted. The contract action is, as a matter of law, exhausted.

The doctrine of res judicata, also - 6 -eferred to as claim preclusion, bars a second suit between the same parties or their privies **on the same cause of action** with respect to all

issues which were or could have been litigated in the former suit. ***Barnett v. Milan Seating Sys.***, 215 S.W.3d 828, 834-35 (Tenn. 2007) (emphasis added); ***Massengill v. Scott***, 738 S.W.2d 629, 631 (Tenn.1987).  From our review, Kalos has never asserted a cause of action for breach of contract.  Indeed, as noted by the Sixth Circuit, the sole issue on appeal from the District Court was unjust enrichment.  ***Kalos***, 2022 WL 59617, at *1 ("As to the only claim on appeal, unjust enrichment, the [District] [C]ourt found that Kalos had failed to allege two necessary elements under Tennessee law: that any contract with defendants was unenforceable or invalid and that, to the extent any valid contract existed, it had exhausted its contractual remedies.").  Accordingly, no "contract action" was presented, much less adjudicated, in the federal lawsuit.  Therefore, the doctrine of res judicata does not bar any contract action Kalos may have.  Regardless, this appeal arises from the grant of a motion to dismiss, which tests the legal sufficiency of the complaint alone.  ***Elvis Presley Enter***, 620 S.W.3d at 323.  As discussed above, at no point in its complaint does Kalos aver that it has exhausted Its contractual remedies, or that its contract with Horizon is unenforceable.  In the absence of such pleading, Kalos' claim for unjust enrichment fails for the reasons discussed above.

## V. Attorney's Fees for Frivolous Appeal

Appellees request appellate attorney's fees and costs on the ground that this appeal is frivolous.  The appellate courts have long held that "[p]arties should not be forced to bear the cost and vexation of baseless appeals." ***Young v. Barrow***, 130 S.W.3d 59, 66 (Tenn. Ct. App. 2003) (citing ***Davis v. Gulf Ins. Group***, 546 S.W.2d 583, 586 (Tenn. 1977)) (additional citations omitted).  Under Tennessee Code Annotated section 27-1-122, we may exercise our discretion to award "just damages" against an appellant "when it appears . . . that the appeal . . . was frivolous or taken solely for delay[.]" A frivolous appeal is an appeal that is without merit or "one that has no reasonable chance of succeeding." ***Young***, 130 S.W.3d at 67 (citations omitted).

We first note that Kalos has delayed this matter by failing to respond to Appellees' motions to dismiss and failing to participate in hearings. More importantly, however, is the fact that Kalos' September 2021 complaint is an attempt to relitigate an unjust enrichment claim that was dismissed by the federal courts because Kalos had not exhausted its contract remedies.  It appears that Kalos ignored the basis of the federal courts' judgments and filed the instant complaint without averring either exhaustion of its contract remedies or unenforceability of its contract with Horizon. As discussed above, in the absence of such pleadings, Kalos' unjust enrichment claim was futile and frivolous because it had "no reasonable chance of succeeding."  ***Young***, 130 S.W.3d at 67 (citations omitted). Accordingly, we exercise our discretion to award Appellees their reasonable attorney's fees and costs on appeal.

## VI. Conclusion

For the foregoing reasons, the trial court's order dismissing Kalos' lawsuit is affirmed. Appellees' request for frivolous appeal damages is granted. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including, but not limited to, calculation of Appellees' reasonable appellate attorney's fees and costs and entry of judgment on same. Costs of the appeal are assessed to the Appellant, Kalos, LLC. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE